UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RALPH SCOTT,

                Petitioner,

-vs-

ROBERT DENNISON, Chairman, New York
State Division of Parole ,

                Respondent.
_____

**DECISION AND ORDER**
No. 05-CV-0857(VEB)

*Pro se* petitioner Ralph Scott ("Scott") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with respect to the denials of his requests for release to parole supervision in 2001, 2003, and 2005. *See* Docket No. 1. This Court previously denied (Docket No. 26) Scott's request "to file an additional pleading to supplement Sections C and D, ¶¶72 through 88 of the original petition, with new information the petitioner obtained from the U.S. Department of Justice . . . on the 'Violent Offender Incarceration and Truth-in-Sentencing Incentive Grants' program" (Docket No. 24).

Petitioner has now moved for reconsideration of the Court's order his request to supplement his petition with additional documents. *See* Docket No. 27. In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements. *E.g.*, *In re C-TC 9 Ave. P'ship*, 182 B.R. 1, 3 (N.D.N.Y. 1995) (cited in *Graziano v. Lape*, No. 04CV0084LEKGJD, 2005 WL 1176567, at *1 (N.D.N.Y. 2005) (denying reconsideration of order denying petitioner's motion to amend his § 2254 habeas corpus petition to add an additional claim). The court's rulings under such motions are "committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." *Id.* (quoting *McCarthy v.*

*Manson*, 714 F.2d 234, 237 (2d Cir.1983)). Generally, the courts recognize only three possible grounds upon which motions for reconsideration may be granted: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Id.* (citing *Wilson v. Consolidated Rail Corp.*, 815 F. Supp. 585, 586 (N.D.N.Y. 1993) (citing in turn *McLaughlin v. New York*, 784 F. Supp. 961, 965 (N.D.N.Y. 1992)); *accord Graziano v. Lape*, 2005 WL 1176567, at *1.

Although Scott has failed to specify the grounds upon which he brings the present motion, it is clear that the first two grounds for reconsideration are inapplicable to the matter at hand; there were no intervening changes in the law, nor was there new evidence not previously available. That leaves the Court with only the third ground, pursuant to which petitioner must demonstrate a need to correct a clear error of law or prevent manifest injustice. This he has failed to do.

In support of his motion for reconsideration, Scott refers the Court to his Sur-Supplemental Reply to Respondent's Affirmation in which–contrary to respondent's assertion and this Court's finding–he does assert a claim that he was illegally designated as a "VFO Status Offender." According to Scott, the proposed additional documents (i.e., "information from the U.S. Department of Justice . . . on the 'Violent Offender Incarceration and Truth-in-Sentencing Incentive Grants' program") are material to a determination of this issue. Even accepting that Scott has submitted such a claim, the Court still fails to see how the proposed documents support his claim. Scott says that he has "specific documents" from the United States Department of Justice, but he does not identify them. He contends that these unspecified documents "essentially supports petitioner's contention that the New York State Department of Corrections and Division of Parole have illegally redesignated *numerous offenders* as VFO (Violent Felony Offender)

status." Docket No. 24. However, by Scott's own statement, these unspecified documents refer to other inmate petitioners' claims–not Scott's. Scott accordingly has failed to show that this Court committed a "clear error of law" in its previous decision or that allowing him to supplement his petition with the additional documents is necessary to "prevent manifest injustice." Therefore, Scott's motion for reconsideration (Docket No. 27) of the Court's order denying his request to submit additional documents is **DENIED.**

    **IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:    March 26, 2008
                Buffalo, New York.